IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

CAROLINE NESEKA WERE,

Petitioner,

v.

PAMELA BONDI, Attorney General of the United States in her official capacity; U.S. DEPARTMENT OF HOMELAND SECURITY; KRISTI NOEM, Secretary of the U.S. Department of Homeland Security in her official capacity; TODD LYONS, Acting Director of U.S. Immigration and Customs Enforcement in his official capacity; LAURA HERMOSILLA, Director of the Seattle Field Office of Immigration and Customs Enforcement (ICE)'s Enforcement and Removal Operations (ERO) in her official capacity,

Respondents.

Case No. 3:26-cv-00453-AB

Agency No. 216-246-968

ORDER

**Baggio, District Judge:**

Petitioner has filed a Petition for Habeas Corpus and a Motion for Temporary Restraining Order. ECF Nos. 1, 1-4. To date, Petitioner has not served a copy of their Petition on Respondents.

Upon review of the Petition, the Court ORDERS:

1. The Clerk of the Court must serve a copy of this Petition (and any related Motion for Temporary Restraining Order) upon Respondents and the United States Attorney for the District of Oregon via: USAOR.CivilHabeas@usdoj.gov.

2. Based on the face of the Petition, the Court has jurisdiction because Petitioner is subject to a final order of removal. Petition ¶¶ 11–12; *Nakaranurack v. United States*, 68 F.3d 290, 293 (9th Cir. 1995) (individuals are "in custody" for purposes of § 2241 if they are "subject to a final order of deportation . . . .").

3. To protect the status quo pending resolution of this case, unless otherwise ordered by this Court, Petitioner shall not be moved outside of the District of Oregon without first providing advance Notice of Intended Removal. Such Notice must be filed in writing and on the docket in this proceeding and must state the reason that Respondents believe such a move is necessary and should not be stayed pending further court proceedings. Once that Notice has been filed on the docket, the Petitioner shall not be moved out of the District for a period of at least 48 hours from the time of the docketing. If the 48-hour period would end on a weekend or legal holiday, the period continues to run until the same time on the next day that is not a weekend or legal holiday. Fed. R. Civ. P. 6(a)(2)(C). This period may be shortened or extended as appropriate by further Court order.

4. The parties shall confer and file on the docket by 5:00pm, Tuesday, March 10, 2026, a joint report outlining the status of the case and, if relevant, either (1) a proposed briefing

schedule or (2) at least three dates/times the parties would be available for a brief status conference before the Court.

IT IS SO ORDERED.

DATED this 9th day of March, 2026.

Amy M. Baggio

Amy M. Baggio
United States District Judge